15 CV 2345

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X
ADRIAN HOLLIDAY,

                                Plaintiff,

      -against-

THE CITY OF NEW YORK, AND NEW YORK CITY
POLICE DEPARTMENT P.O. ALEX PONCE; AND
P.O. JOHN or JANE DOES # 1-10; individual
defendants sued in their individual and
official capacities,

                              Defendants.
------------------------------------------- X

**COMPLAINT**

**JUDGE BUCHWALD**

RECEIVED MAR 2015 U.S.D.C. S.D.N.Y.

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1.  This is a civil rights, common law, and tort action in which plaintiff seeks relief for the violation of his rights secured by the laws of the State of New York; New York State Constitution; 42 U.S.C. §§ 1983 and 1988; and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Plaintiff's claims arise from an incident that arose on or about April 3, 2014.  During the incident, The City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, assault, battery, unreasonable force, failure to intervene, denial of medical care, and respondeat superior liability.  Plaintiff seeks compensatory and punitive damages from the individual defendants, compensatory damages from the municipal defendant, declaratory relief, an award of costs and attorney's fees, and

such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.   Within 90 days of the incidents alleged in this complaint, plaintiff served upon defendant The City of New York a Notice of Claim setting forth the name and post office address of plaintiff, the nature of the claim, the time when, the place where, and the manner in which the claim arose and the items of damages or injuries claimed.

3.   More than 30 days have elapsed since plaintiff's demands and/or claims were presented to defendant the City of New York for adjustment and/or payment thereof, and the defendant has neglected and/or refused to make any adjustment and/or payment.

4.   This action is being commenced within one year and ninety days of the date of the occurrence herein.

5.   Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

6.   Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and Kings County is subject to personal jurisdiction in the Southern District of New York.

**PARTIES**

7.  Defendant The City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

8.  P.O. Alex Ponce and P.O. John or Jane Does # 1-10 are NYPD police officers, employed at the 5th Precinct or PSA 4, located in New York County, New York or another as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

9.  The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

10. On April 3, 2014, at and in the vicinity of the 40 Madison Street, New York, New York 10038, in New York County, defendant police officers, acting in concert and at times independently, committed the following illegal acts against plaintiff.

11. On April 3, 2014, at approximately 10:40 p.m., plaintiff was standing in front of 40 Madison Street.

12. Defendant P.O. Alex Ponce approached plaintiff and asked what plaintiff was drinking.

13. Plaintiff stated that he was drinking tea.

14. Officer Ponce told plaintiff to get against the wall.

15. Plaintiff told Officer Ponce that he had not committed any crimes and that he did not consent to the search, and walked away.

16. Officers then chased and grabbed plaintiff and placed excessively tight handcuffs on him.

17. While plaintiff was handcuffed, officers kicked, punched, choked and dragged plaintiff along the sidewalk.

18. Officers lifted plaintiff up of the ground by grabbing the excessively tight handcuffs, causing the cuffs to cut through his skin.

19. Plaintiff was then placed in a police car and taken to PSA 4.

20. Once in the precinct, plaintiff was stripped searched, and placed in a cell.

21. Once in the cell, plaintiff officers continued to beat plaintiff.

22. Those officers who did not touch plaintiff failed to intervene to prevent this attack.

23. Plaintiff requested medical treatment, but his request was denied.

24. Plaintiff begged for medical care, and a sergeant ordered officers to take plaintiff to Bellevue hospital.

25. Plaintiff was taken to Bellevue Hospital for treatment.

4

26. However, once at Bellevue Hospital, as part of a conspiracy, in order to cover up their misconduct, upon information and belief, officers interfered with plaintiff's care.

27. No one pictures or x-rays were taken of plaintiff's injuries.

28. The defendants acted under the pretense and color of the law and within the scope of their employment.

29. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers.

30. Said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

31. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

32. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM

### (ASSAULT)

33. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

34. Among other things as described above, defendants' search and seizure, battery, false arrest, and excessive use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

35. Accordingly, defendants are liable to plaintiff under New York State law for assault.

## SECOND CLAIM

### (BATTERY)

36. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

37. Among other things, as described above, defendants' search and seizure, false arrest, and excessive use of force against plaintiff were illegal physical contacts.

38. Accordingly, defendants are liable to plaintiff under New York State law for battery.

## THIRD CLAIM

### (UNREASONABLE FORCE)

39. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

6

40. The individual defendants' use of force upon plaintiff was objectively unreasonable.

41. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

42. Those defendants who did not touch the plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

43. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### FOURTH CLAIM

### (DENIAL OF MEDICAL CARE)

44. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

45. Defendants are liable to plaintiff because they ignored plaintiff's need for medical treatment for serious medical issues and/or injuries, or delayed such treatment, and the harm occasioned by such an act is redressable under the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

## FIFTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, MONITORING TRAINING, AND RETENTION OF UNFIT EMPLOYEES)

46. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

47. Defendant City of New York is liable to the plaintiff because the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the NYPD, its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained its police officers.

## SIXTH CLAIM

### (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

48. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

49. That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiff.

50. The defendants' actions against plaintiff were extreme and outrageous and caused plaintiff severe emotional distress.

51. The defendants breached a duty owed to the plaintiff that either unreasonably endangered plaintiff's physical safety, or caused the plaintiff to fear for his own safety.

### SEVENTH CLAIM

### (FAILURE TO INTERVENE)

52. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

53. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

54. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

### EIGHTH CLAIM

### (MONELL CLAIM)

55. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

56. Defendant City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiff.

9

57. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs, and policies against plaintiff: (1) unlawfully stopping and searching innocent persons; and (2) using unreasonable force on individuals.

58. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

59. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

60. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice, and/or policy) would stop, arrest, and prosecute innocent individuals, based on pretexts and false evidence.

61. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

62. In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault, and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state courts and served time in federal prison. In 2011, Brooklyn South Narcotics Officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. In

2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

63. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

65. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

### NINTH CLAIM
### (RESPONDEAT SUPERIOR)

66. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

67. The individual defendants and police officers were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiffs, including assaulting and battering plaintiff.

68. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:  New York, New York
         March 27, 2015

                        ADAMS & COMMISSIONG LLP,
                        *Attorneys for Plaintiff*
                        65 Broadway Suite 715
                        New York, New York 10006
                        212-430-6590
                        martin@amcmlaw.com

                        By: */s/ Martin E. Adams*
                        MARTIN E. ADAMS, ESQ.